## Case No. 10,216.

NEW YORK STATE MARINE INS. CO. v. PROTECTION INS. CO.

[1 Story, 458;[1] 4 Law Rep. 233.]

Circuit Court, D. Massachusetts. May Term, 1841.

MARINE INSURANCE—DEFENCE BY REINSURERS—RECOVERY—COSTS AND EXPENSES.

1. Reinsurers may make the same defence, and take the same objections, as the original insurers might in a suit upon the first policy.

[Cited in Eastern R. Co. v. Relief Ins. Co., 98 Mass. 424; Eagle Ins. Co. v. Lafayette Ins. Co., 9 Ind. 447.]

2. The party reassured is entitled to recover a full indemnity for the entire loss sustained by him, and also for the costs and expenses, which he has reasonably and necessarily incurred in order to protect himself, and to entitle him to a recovery over against the reinsurers. Especially is this true, in a case where the reinsurers have notice, that a suit has been commenced, and that they will be looked to for the costs and expenses, and make no objection.

[Cited in Dubois v. Hermance, 56 N. Y. 675; Hoppaugh v. McGrath, 53 N. J. Law, 81, 21 Atl. 106.]

3. But the costs and expenses must be incurred in good faith, and not wantonly and unnecessarily in a plain case of loss, where there is no reasonable ground of defence.

[Cited in Gantt v. American Cent. Ins. Co., 68 Mo. 531.]

4. Quaere, whether notice to the reinsurers, of the commencement of a suit against the first insurers, is indispensable.

[Cited in Cashan v. Northwestern Nat. Ins. Co., Case No. 2,499.]

Assumpsit on a policy of reinsurance by the defendants for the plaintiffs, "lost or not lost, four thousand dollars on the brig Evelina, at and from her port or place of loading in Massachusetts, to Amsterdam, and at and from thence to New York." The parties agreed to the following statement of facts for the opinion of the court: During the voyage insured from Massachusetts to Amsterdam, the vessel sustained damage by perils of the seas, and put into St. Thomas in distress. She was there repaired with funds procured on bottomry, and proceeded to Amsterdam, where she was attached and sold by the holders of the bottomry bond. The owners claimed of their insurers (the present plaintiffs) a total loss, which they refused to pay, and a suit was instituted in New York, in which the owners recovered only a partial loss. The plaintiffs then claimed of their reinsurers (the present defendants) the amount they were obliged to pay to the owners, by reason of the judgments recovered in New York; and also the expenses of costs and counsel fees incurred by them in defending the suit. The defendants denied their liability to pay any thing under their policy, and a suit was commenced upon it. Afterwards a compromise was made of all the matters in dispute, except the liability of the defendants, as reinsurers, to indemnify the plaintiffs for the expenses incurred by

them in defending the original suit, which were as follows:

Costs recovered against New York State Marine Insurance Company ......... $612.75
Counsel fees paid by them.. 300.00
Their own costs incurred in the suit ............... 99.99—$1012.74

If, upon this statement, the court shall be of opinion, that the plaintiffs are entitled to recover, the defendants are to be defaulted, and judgment rendered for the plaintiffs for one half of said amount, with interest and costs. Otherwise, the plaintiffs are to become nonsuit.

F. C. Loring, for plaintiffs.
Rand & Fiske, for defendants.

STORY, Circuit Justice. The only question, which is submitted by the parties for the consideration of the court is, whether the plaintiffs are bound to pay any part or proportion of the costs and expenses of the suit, brought on the original policy against the plaintiffs, including the fees of attorneys and counsel in the cause. It does not appear to me to be a question, under all the facts, of any intrinsic difficulty. This is a case of reassurance, and nothing is clearer, upon principle and authority, than that, in such a case, the reassurers are entitled to make the same defence, and to take the same objections, which might be asserted by the original insurers in a suit upon the first policy. The consequence would seem to be, that, as no voluntary payment by the original insurers would be binding or obligatory upon the reassurers, they are compellable to resist the payment, and to require the proper proofs of loss from the assured in a regular suit against them, so as to protect themselves by a bona fide judgment to the amount of the recovery against them under their reassurance. It was to avoid this inconvenience and delay, as well as peril, that the French policies of reassurance, as mentioned by Emerigon and Pothier, usually contain a clause, allowing and authorizing the original insurers to make, bona fide, a voluntary settlement and adjustment of the loss, which shall be binding upon the reassurers. See 1 Emerig. Assur. c. 11, § 9; Pothier, D'Assurance, note 50; 2 Valin, Comm. liv. 3, tit. 6, art. 20, pp. 65–67. This, of course, puts the whole matter within the exercise of the sound discretion of the party reassured, whether to contest, or to admit the claim of the first assured. But, independently of such a clause, it is clear, by the French law, that the original assurers must, in a suit brought against the reassurers, establish the same facts, as would entitle the assured to recover upon the original policy. Id.

It seems to me, that upon the principles of the common law, under the like circumstances, the party reassured is entitled to recover a full indemnity for the entire loss sustained by him, and also for the costs and

expenses, which he has reasonably and necessarily incurred, in order to protect himself, and entitle him to a recovery over against the reassurers. I think, that is the fair interpretation of the text of Roccus, although it is certainly somewhat indeterminate and general in its expressions. "Iste secundus assecurator tenetur pro assecuratione facta a primo, et ad solvendum omne totum, quod primus assecurator solverit." Roccus, De Assur. note 12. The case of The La Très-Sainte Trinité, cited by Emerigon (1 Emerig. c. 11, § 9), is strongly in point. But it appears to me, that the doctrine must be taken with all its appropriate qualifications. The contestation of the suit, by the original assurers, must be just and reasonable; the expenses must be fairly and reasonably incurred; the conduct of the original assurers must be bona fide, and in the exercise of a sound discretion. Now, it is precisely in this view, that the consideration of notice of the suit becomes most important, even if it be not (as I am not prepared to say, that it is) indispensable. If notice of a suit, threatened or pending, upon the original policy, be given to the reassurers, they have a fair opportunity to exercise an election, whether to contest, or to admit the claim. See Clark v. Carrington, 7 Cranch [11 U. S.] 308. It is their duty to act upon such notice, when given, within a reasonable time. If they do not disapprove of the contestation of the suit, or authorize the party reassured to compromise or settle it, they must be deemed to require, that it should be carried on; and, then, by just implication, they are held to indemnify the party reassured against the costs and expenses necessarily and reasonably incurred in defending the suit. If they decline to interfere at all, or are silent, they have no right afterwards to insist, that the costs and expenses of the suit ought not to be borne by them, as they are exclusively, under such circumstances, incurred for the benefit of the reassurers, and are indispensable for the protection of the party reassured. But expenses and costs wantonly and unnecessarily incurred by the party reassured in a plain case of loss, where there is no reasonable ground of defence, or where the reassurers do not sanction the contestation, either expressly, or by implication, can never constitute a just charge against the latter. This was the doctrine held by the supreme court of New York in Hastie v. De Peyster, 3 Caines, 190; and I entirely accede to its authority, as conformable to the true principles of law in analogous cases. In the present case, the deposition of Mr. Cook, taken since the statement of facts was agreed upon, is perfectly conclusive upon this point. The defendants not only had full notice of the suit, but were also informed, that they would be looked to for reimbursement of the costs and expenses of the suit. They made no objection, and interposed no offer of payment. Under such circumstances, they must be taken to have approved the resistance of the plaintiffs to the claim, and to have authorized the defence to be made; and, therefore, as there is not the slightest pretence, that the whole defence was not conducted with entire good faith and sound discretion, they must pay their proportion of the costs and expenses, including the fees of the attorneys and counsel employed in the defence.

Judgment will be entered accordingly for the amount, as soon as it is ascertained.