[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 237 
The structure of the contract upon which this action is brought is exceedingly inartificial. An ordinary policy against loss by fire has, by the substitution of the word "reinsure" for insure, without any other alteration, been converted into a contract of indemnity against the risk incurred by The Mutual Insurance Company, by a previous insurance of the property of Hackenrath 
Van Damme.
The contract in its present form is one of reinsurance. So much appears upon the face of the instrument. The defendants for the consideration stated, say that they "do reinsure The American Mutual Ins. Co. against loss or damage by fire, to the amount of ten thousand dollars, on" c. The risk therefore incurred by the assured in their previous insurance is really the subject of the contract. Against that the defendants agree to indemnify the assured to the amount of $10,000. The loss which the latter have sustained in consequence of that risk, and which they have paid or are liable to pay, exceeds that sum: and the question is, are the plaintiffs entitled to the whole or a part of the sum mentioned in their policy? The question when stated suggests the true answer. For whatever may be the rule in reference to marine policies, it was admitted by the counsel for the defendants, that the mode of estimating losses under fire policies, proceeds upon the principle of a full indemnity, without regard to the question whether the reinsurance was partial or for the entire sum set down in the original policy.
But it was argued that, in this case, the defendants were only liable for such proportion as the sum reinsured bears to the whole amount covered by the first policy, in consequence of a special clause in the contract, which provides "That in case of any other insurance upon the property hereby insured, the insured shall not, in case of loss or damage, be entitled to recover on this policy any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on the same property." The defence is thus made to depend upon the import of the phrase "property hereby insured." According to the views of the defendants, it refers to the merchandise stated in the policy to be the property *Page 239 
of Hackenrath Van Damme; the same property that was covered by the original insurance. Hence it is said that in addition to the sum of $10,000 reinsured, there was at the time of the loss another insurance on the same property to the extent of $22,000. If this is the correct exposition of the clause, it follows, 1st. That if the reinsurance had been for the full sum covered by the original policy, the loss must have been equally apportioned between the underwriters upon the two policies respectively. A second consequence of this construction would be that in no way consistently with the clause in question, could the underwriters indemnify themselves against the risk incurred by executing the primitive policy. They could not reinsure to a larger amount than the $22,000 covered by the first insurance, because that was confessedly the whole extent of their interest in the goods: and by a reinsurance of that amount in case of total loss, they would be compelled to pay $22,000 and could receive but $11,000.
I am aware that the counsel for the defendant claimed that the rule of apportionment upon which they insisted was only applicable to a case of reinsurance for a part of the amount covered by the first policy. If the whole amount was reinsured, it was conceded that the whole might be recovered in the event of a total loss. But the clause which is the only foundation of this claim of apportionment will not admit of this distinction. The language is general and explicit, that in case of "any other insurance upon the property hereby insured, prior or subsequent, no greater portion of the loss shall be recovered than the amount hereby insured bears to the whole amount insured in said property." The phrase "property hereby insured," I apprehend, refers to the interest of the insured acquired by them as underwriters upon the original policy, in respect to the merchandise of Hackenrath Van Damme. The damage to that property by fire was the measure of their liability upon the primitive policy, and of the defendants upon the second within the sum mentioned. That liability did not in strictness give the first insurers a property in the merchandise insured, but only an interest in its preservation. It gave them a claim to the stipulated premium, and was the sole ground of *Page 240 
their right to a reinsurance. It was an insurable interest, the nature of which appeared upon the face of the second policy.
The meaning of reinsurance is, an indemnity against a risk iucurred by the assured in consequence of a prior insurance upon the same property or some part of it. (3 Kent, 279.) We find this word in the policy characterizing the contract, and pointing to the object of the indemnity, together with a reference to the merchandise of Hackenrath Van Damme, designating the property on account of which the hazard was incurred against which the indemnity was sought.
That the above is the sense in which the parties use the word "property" in the clause in question, is obvious from that which immediately precedes it — which provides, "that in case theinsured shall have already any other insurance against loss by fire on the property hereby insured, not notified to the corporation, or if the said insured shall hereafter make any insurance on the same property, and shall not give notice thereof to the corporation, and have the same acknowledged by them in writing, the said policy shall be void. What interest or property had the insured, which could be the subject of a prior or subsequent insurance? For to them alone this complex prohibition applies. The answer must be, the interest acquired in consequence of the primitive insurance, and no other. The object of these provisions was to guard against double insurance; which is a second insurance of the same interest. (Godin v. LondonIns. Co. 1 Burr. 495; 3 Kent, 281.) Both the clauses above quoted relate to the same subject, the interest of the insured; they forbid a double insurance of that interest without due notice to the underwriters, and when it is made and notice given, they provide for a ratable apportionment of the loss. By this construction they can be made to harmonize, and each is rendered sensible.
There is nothing, therefore, in these special provisions, or any of them, that restricts or qualifies the agreement of the defendants, "to make good unto the insured all such loss not exceeding in amount the sum insured," as they might sustain by reason of the original insurance.
The evidence of usage was properly rejected. The offer of *Page 241 
the defendants was, to prove the existence of a general usage and custom among underwriters in the city of New-York, in cases of reinsurance, not to pay the full amount named in the policy of reinsurance, but only a sum which shall be in the same proportion to the amount of property destroyed, as the policy of reinsurance bears to the original policy. The usage went to contradict the plain, unequivocal language of the policy, and was therefore inadmissible. (1 Phil. Ev. 37.) The evidence was not offered with a view to ascertain the meaning of particular terms, to explain the subject of the contract; in a word, to place the court, by means of parol evidence, in the situation of the parties, to enable them to construe their agreement; but to show the practical construction as to their legal effect given to all policies for reinsurance without distinction, by underwriters in the city of New-York. Such evidence would be equally admissible to diminish a recovery upon any other contract.
We all think it properly overruled, and that the judgment of the supreme court must be affirmed.