By the Court, Monell, J.
The objection, that the location of the subject of the insurance being differently described in the. two policies, rendered the defendants’ policy void or voidable, was, I think, properly overruled.
An inaccurate description will not necessarily defeat an instrument; and it maybe corrected by construction, if there is enough besides to identify the place, and thus sup *319 ply the means of making the correction; or, where the instrument as a whole, shows certainly, that it was an error, and also shows with equal certainty how the error may and should be corrected. (2 Pars. on Cont. 27.) These general rules apply to the contract of insurance, (Robertson v. French, 4 Fast, 130;) where Lord Ellenborough says: (p. 135,) “ the same rules of construction which apply to all other instruments apply equally to this instrument of a policy of insurance.”
There are also other rules of construction of contracts which might be summoned to the aid of this case; such as the intention of the parties, and the surrounding circumstances, (French v. Carhart, 1 Comst. 96,) as well as the immateriality of the representation or description. (Stebbins v. Globe Ins. Co., 2 Hall, 632.)
Applying the rules I have stated to the policy in this case, the error in description may be corrected by construction. The extrinsic evidence, properly let in, (Stebbins v. Globe Ins. Co., supra,) to identify the place of the subject insured, shows how the error may be corrected, or rather disregarded, without prejudice or injustice to the defendants.
The description in the policy commences with “ contained in McHenry’s yard.” The evidence shows that such yard, by that designation is well known and is the only yard thus designated in the city of Philadelphia. Then follows: “situate on the south side of Dickerson street,” describing accurately the street and side of the street, upon which “McHenry’s yard” was situated. Then “east of Front street ” is another correct aid to the exact location of the yard.
Had the description stopped here, no question of course could have arisen, for it is entirely accurate. But it goes farther, and states “ between Mead and Arch streets;” and the evidence shows that Arch street is two miles north of McHenry’s yard, and runs parallel with Dickerson street.
Arch street which was intended for Ash street, as it is written in the plaintiffs’policy, is neither a necessary, nor a *320 material part of the desdription. It could be rejected and the description would yet be sufficient to designate the locality of the subject insured. It was unnecessary, for the description was perfect without it; it was immaterial, because, as admitted by the appellants’ counsel, the insurer knew nothing of the location of the property except from the terms used, and relied solely upon the representations of the insured.
Without pursuing the subject farther, I have no doubt, that the objection of variance was properly overruled.
But, I think, the case must fail for want of sufficient proof, of a loss of the subject insured. The plaintiffs offered no direct proof of any loss. The plaintiffs’ policy re-insured the Insurance Company of North America “ against loss or damage by fire to the amount. of five thousand dollars, on refined petroleum.” It was not shown that the latter company had any risk upon the subject described, or that such subject had been destroyed. It was admitted by the plaintiffs’ counsel, that in actions upon ordinary policies of insurance, the insured must show a loss of the subject insured; and it was also admitted that the preliminary proofs were not evidence of such loss. Such undoubtedly is the rule. (Howard v. City Ins. Co,, 4 Denio, 502. Sexton v. Montgomery County Mut. Ins. Co., 9 Barb. 191. Newmark, v. L. and S. Fire Ins. Co., 30 Mo. Rep. 160.) But it is insisted, that the plaintiffs being themselves insurers, it was only necessary to show the payment of a loss, and that the burden of showing that the loss was wrongfully paid, was upon the re-insurer. Such I do not understand to be the law.,
The contract of re-insurance is totally distinct from, and unconnected with, the primitive insurance, and the re-insured, in order to recover against the re-insurer, must prove the extent of the loss in the same manner as the original insured must have proved it against him. ■ (1 Arn. on Ins. 288. Hastie v. DePeyster, 3 Caines, 190.) And it is of no importance that the plaintiffs were themselves re- *321 insurers. Both policies were against “ loss on refined petroleum,” and the plaintiffs must show a valid claim for loss against themselves on the article insured. Chief Justice Kent says, in Hastie v. De Peyster, supra, (p. 195,) “ if the re-insured proves the original claim against him to have been valid when he resorts over to the re-insurer, he then makes out a case for indemnity.” (N. Y. State Marine Ins. Co. v. Protection Ins. Co., 1 Story, 458.)
No doubt the insurable interest of the plaintiffs was sufficiently shown, by proof that they themselves were re-insurers of the Insurance Company of North America. The contract is not a wager, but an indemnity. (Bowery Ins. Co. v. N. Y. Ins. Co., 17 Wend. 359. Mut. Safety Ins. Co. v. Hone, 2 N. Y. Rep. 235.) But before thei;e can be a recovery, a loss of the subject insured must be shown.
I have not found any case which sustains the distinction, attempted to be drawn by the plaintiffs’ counsel, between policies of re-insurance and other or first policies, in respect to the nature or extent of the proof required. I think I have shown, and fortified the position by authority, that no such'distinction exists. Therefore, the whole argument, founded upon the supposed admission of the defendants in not objecting to the sufficiency of the preliminary proofs, falls, for I have already shown that such preliminary proofs are not evidence in chief, except to show a compliance with a condition in the policy.
■ Before the plaintiffs can recover, therefore, they must show that they paid a valid claim, which I suppose can be done only by showing that the Insurance Company of North America had a risk upon the subject insured, and that such subject was destroyed. As both these facts may be shown, there should be a new trial.
Exceptions sustained and a new trial ordered, with costs to abide the event.