Johnson, J.
In the case of Hone v. The Mutual Safety Insurance Co. (1 Sandf. Sup, C. R., 137), it was adjudged that under a contract of re-insurance, the extent of the liability of the re-insurer was not affected by the insolvency of the re-assured, nor by its inability to fulfill its own contract with the original insured. This proposition was maintained by Mr. Justice Sandfobd, giving the judgment of the Superior Court of New York, in a careful and learned opinion, thoroughly setting forth the reasons on which the decision rested and the authorities supporting it. This judgment was affirmed in the Court of Appeals, in 2 N. Y., 235. We have examined the printed record, as it was presented to the court, and find that the questions mentioned were distinctly raised, both by the exceptions taken at the trial and by the points of the counsel on both sides used on the argument. *107 That these questions were not particularly noticed in the opinions delivered in the Court of Appeals must be attributed to their being regarded as too well settled to require notice. They were necessarily involved in the judgment pronounced, and the silence of the opinions scarcely diminishes the force of the precedent. A recovery was had in the case for the full amount of the re-insurance, notwithstanding it appeared that the re-assured company was insolvent and had been dissolved, and that its assets were not sufficient to pay more than fifty per cent of its debts.
The policy now in suit differs from that in the case cited, in containing the following clause: “ Loss, if any, payable pro rata, and at the same time with the re-insured.” By virtue of the first part of this clause the defendant is not bound to pay the full amount re-insured by its policy, but only such a proportion of the amount of the loss as is in 'the ratio of the amount of the re-insurance to the amount originally insured. Thus, the defendant’s re-insurance being for half the amount of the original insurance, the defendant is to pay half the loss. In regard to the latter branch of the clause in question, which says that the loss is payable “ at the same time with the re-insured,” it is not possible to conclude from it that actual payment by thé re-insured is, in fact, to precede or to accompany payment by the re-insurer. It looks to the time of payability and not to the fact of payment. It has its operation in fixing the same period for the duty of payment by the re-insurer as was fixed for payment by the re-insured. To give to it the construction contended for by the defendant would, in substance, subvert the whole contract of re-insurance as hitherto understood in this State. In the case before us each of the policies was payable sixty days after proof of loss; and there was therefore no necessity for the clause in question to regulate the rights of the parties.
We are, therefore, of opinion that the judgment given at General Term, by the Court of Common Pleas, was correct, and should be affirmed.
All concur. Judgment affirméd.