MARY ADAMS, EXECUTRIX, ETC., OF WILLIAM ADAMS, DECEASED, RESPONDENT, *v.* THE GREENWICH INSURANCE COMPANY, APPELLANT.

*Policy of insurance — non-occupation clause — waiver of — other insurance — contribution.*

In an action upon a policy of fire insurance, the company claimed that the same was, by the terms and conditions thereof, forfeited, by reason of the non-occupation of the premises for a period of more than thirty days. Upon the trial it was proved that, about a week after the premises first became unoccupied, notice thereof was given to the secretary of the defendant and he was requested to indorse his consent in writing thereto upon the policy, as was required by its terms, and that he then said, "we waive all that." *Held*, that

as the assured, if she had not been misled by this verbal consent, might have taken steps to prevent the forfeiture, the company could not insist thereon in an action to recover damages for a loss occasioned by the burning of the house while it remained unoccupied.

*Semble,* where a policy provides that, "in case of any other insurance upon the property hereby insured," the assured should be entitled to recover no greater proportion of the loss sustained, than the sum thereby insured should bear to the whole amount insured thereon, that "the other insurance" does not include an insurance effected by a mortgagee, upon his interest as such.

As between the assured and the company, a heater, set in brick, forms part of the real estate, and is covered by the policy.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the case was tried.

This action was brought upon a policy of insurance, issued by the defendant to Mrs. Emily Adams, upon certain premises owned by her. On the 5th of May, 1874, the dwelling-house so insured was destroyed by fire. On the twenty-fourth of June Mrs. Adams assigned her interest to the plaintiff's testator, by whom this action was commenced.

Upon the trial the defendant insisted that the policy was forfeited by the non-occupation of the premises for more than thirty days, without notice to and consent of the company, as required by the terms of the policy. The defendant also claimed that, under the seventh paragraph of its policy, it was only liable for a proportionate part of the amount thereof, on the ground that another policy had been issued upon the building. The said paragraph was as follows:

"Seventh. In case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether such other insurance be by specific or by general or floating policies; and it is hereby declared and agreed that, in case of the assured holding any other policy in this or any company on the property insured, subject to the conditions of average, this policy shall be subject to average in like manner.

"If at the happening of any fire the assured shall have a policy or policies, more general in extent of area, or more general in

extent of property or interests insured than is described on this policy, and yet which includes the premises, property or interests herein insured, such more general policy or policies, as between the insured and this company, shall be considered co-insurance for its or their full amount on the property and interest hereby insured, and liable to contribution with this policy; any thing in such more general policy or policies to the contrary notwithstanding."

The plaintiff was allowed, against the objections of the defendant, to recover the value of a heater, resting upon a brick foundation, and surrounded by brick, extending about twelve inches above the top of the heater.

*Q. McAdam,* for the appellant.

*J. Smith,* for the respondent.

LEARNED, P. J.:

The defendants claim that there was no proof of the ownership by Emily Adams of the insured property. On looking at the case it is apparent that the contest was not on this point, but on the value of the property and the alleged waiver of the non-occupation clause. When the plaintiff rested, the defendants moved for a nonsuit on the ground that there was no "proof of the plaintiff's right or title to have or recover from the defendants the amount of the loss or damage to the property insured."

The plaintiff is the executrix of William Adams, assignee of Emily Adams, the insured. The defendants, therefore, did not point out, as a ground of nonsuit, a failure to prove title to the property in Emily Adams. The plaintiff had proved a conveyance of the premises to her, and one witness, at least, had spoken of the property as owned by her. If the defendants relied on the insufficiency of this evidence to show title in Emily Adams, they should have called attention to such alleged insufficiency, so that the plaintiff might have supplied further proof of title.

When there is a real contest on one point, parties often take other matters almost as admitted. Nor did the defendants, at the close of the case and after the charge of the court, call any attention to this alleged deficiency of proof. And that charge assumes that Emily Adams was the owner at the time of the insurance.

The next question is on the waiver of the non-occupation clause. It is not disputed that the premises were unoccupied for over thirty days. Such non-occupation by the terms of the policy worked a forfeiture, unless there were notice to the company and its consent in writing.

It was claimed by the plaintiff that notice, on behalf of the owner, was given to the secretary of the company at its office; that he then and there consented to this non-occupation; that he was asked to put this consent on the policy, which was there present, and that he said, "we waive all that." This was contradicted by the defendants and was left to the jury as a question of fact.

This is alleged to have taken place on the ninth of April, about one week after the premises first became unoccupied, and about four weeks previous to the fire. Now, at this time, the forfeiture for non-occupation had not taken place, because thirty days had not elapsed. It would, therefore, have been in the power of the insured, if she had not been misled by the verbal consent of the company, through its secretary, to cause the house to be occupied and thus to prevent a forfeiture. The jury has found that the company verbally waived this provision of the policy, while there was yet time for the insured to prevent any forfeiture. The company cannot insist on a forfeiture for an act which they themselves induced the insurer to do. (*Underwood* v. *Farmers' J. S. Ins. Co.*, 57 N. Y., 500.)

Another defense is claimed to arise on the seventh paragraph of the defendants' policy. Under this the defendants insist that the plaintiff can recover, if at all, only *pro rata* with another policy; that is, two-thirds of the amount of loss. But the true construction of this paragraph is, that the "other insurance" mentioned does not include an insurance made by a mortgagee upon his interest as such. This construction is favored by the language of the latter part of the paragraph: "In case of the assured holding any other policy," etc. It has been the construction given by the courts to similar clauses. (*Tyler* v. *Ætna Fire Ins. Co.*, 12 Wend., 507; S. C.; 16 id., 385; *Mutual Safety Ins. Co.* v. *Hone*, 2 N. Y., 235; *Acer* v. *Merch. Ins. Co.*, 57 Barb., 68.) In that last case the language was: "If the assured or any other person or parties interested shall have, etc., any other contract or agreement for insur-

ance," etc.  It was held that the plaintiff's policy was not avoided by a policy issued to one Curtis, to whom the plaintiff had contracted to sell the property.

In the present case the only evidence (if it be any evidence) bearing on this point is the statement by Emily Adams, in her proofs of loss, that there was another insurance of $4,000, made by another company to Mrs. Anna Plank, executrix, on her interest as mortgagee in the dwelling and additions.  Nothing is proved of the existence of any such mortgage, or of the amount secured thereby, or of any obligation resting on the mortgagor to insure and assign the policy to the mortgagee.

Giving then the widest construction to paragraph number seven, and taking the statements of the proofs of loss as evidence, the defendants failed to show another valid policy, because they showed no interest existing in any mortgagee.

There was no error in including the heater in the value of the building.  It was bricked in and formed a part of the real estate as between these parties.

The questions to Van Read as to the value of the property were put on cross-examination, and were intended to discredit the estimate he had given in reply to the defendants' inquiry.  For this purpose they were proper.  For the same reason it was proper to inquire as to his testimony on a former trial, and as to the value he placed upon the property when selling it.  All such questions were intended to show that the estimate given by him at the trial was not truthful.  The judge, at the trial, can best determine how far such inquiries are, in each case, to be allowed.

Adams, a witness, had been asked by the defendants, on cross-examination, whether, on a certain interview with Van Read, he did not make light of the fact that the house was unoccupied.  He had answered that he did not remember.  The defendants offered to contradict him by Van Read, and, on objections by the plaintiff, the court excluded the testimony.  This was proper.  The matter was collateral, and therefore the witness could not be contradicted.

The judgment and order should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.