(27 Misc. Rep. 247.)

### INSURANCE CO. OF STATE OF PENNSYLVANIA v. TELFAIR.

(Supreme Court, Trial Term, New York County. April 24, 1899.)

1. REINSURANCE—ACTION AGAINST REINSURER—LIMITATIONS.
   Where an insurer, which has procured reinsurance, contests payment on the original policy in good faith, limitations do not run against its right of action against the reinsurer until final judgment against it in the appellate court.

2. SAME—ITEMS RECOVERABLE—EXPENSES OF REINSURED.
   In an action by an insurance company against a reinsurer to recover defendant's proportion of the loss, expenses incurred by plaintiff in defending in an action on the original policy cannot be recovered, when defendant was not notified of such action.

Action by the Insurance Company of the State of Pennsylvania against Jacob R. Telfair, as receiver of the Pacific Mutual Insurance Company. Judgment for plaintiff.

T. F. Humphrey, for plaintiff.
Coudert Bros., for defendant.

McADAM, J. On January 3, 1880, the plaintiff issued its policy of marine insurance to Charles S. Wilkes, in the sum of $38,322, upon a cargo of steel rails shipped from Philadelphia to Charleston, S. C., by the schooner Mattie A. Hand, loss, if any, payable to the consignee. On February 7, 1880, the Pacific Mutual Insurance Company reinsured the plaintiff in the sum of $15,172 against loss in respect to said cargo. The schooner sailed from the port of Philadelphia, and while proceeding upon the voyage was damaged by perils of the seas. Upon her arrival at the port of destination, the consignee gave a gen-

eral average bond, agreeing to pay his share of all expenses which. had been, or thereafter might be, incurred for the general benefit. Thereafter, and on September 23, 1880, the owners of the vessel commenced an action in the Pennsylvania court of common pleas against the consignee upon the general average agreement, and the plaintiff was summoned as garnishee and made a party to the action. The plaintiff pleaded in defense unseaworthiness of the vessel. On June 24, 1884, the owners recovered a judgment against the plaintiff, which was reversed on appeal, October 12, 1885. Upon the second trial the owners, on November 26, 1892, again recovered judgment against the plaintiff for $3,456.44, from which an appeal was also taken. This judgment was affirmed, with costs, October 6, 1893, making an aggregate judgment of $3,846.70. This judgment was paid by the plaintiff and satisfied of record October 26, 1893. The present action is on the policy of reinsurance to recover the defendant's proportionate amount of the loss.

The main defense is the statute of limitations, in that the action was not commenced within six years after the liability attached. Instead of suing immediately upon the occurrence of the loss, the reinsured may lawfully wait until suit brought and judgment obtained by the insured before seeking indemnity from the reinsurer, and the latter is then bound to pay. Joyce, Ins. § 135. If the reinsured pays before judgment, he must, in order to recover from the reinsurer, make the same proof that would have been required in a suit by the person originally insured against his immediate insurer. Hastie v. De Peyster, 3 Caine, at page 195; Hone v. Insurance Co., 1 Sandf. 137, affirmed 2 N. Y. 235; Jackson v. Insurance Co., 99 N. Y. 124, 1 N. E. 539. If the reinsured pays after judgment, the judgment establishes, prima facie, at least, the amount of the liability. Reinsurance in respect of property is a contract of indemnity between the original and collateral insurer, by which the first is indemnified, in whole or in part, by the latter, as to the risk he has undertaken in respect of the subject insured. Bid. Ins. § 379. The contract is to be construed liberally, and, where two interpretations equally fair may be given, that which gives the greater indemnity will prevail. May, Ins. § 174. In Jackson v. Insurance Co., supra, the blank form of policy used for the reinsurance was that of the ordinary policy of insurance, and contained the conditions that no action could be maintained thereon until after an award made as specified, fixing the amount of the claim, nor unless commenced within 12 months after the loss, and it was held that these conditions were not applicable to the contract of reinsurance, and plaintiff's right to recover was unaffected thereby. See, also, Mayor, etc., of New York v. Hamilton Fire Ins. Co., 39 N. Y. 45; Hay v. Insurance Co., 77 N. Y. 236; Steen v. Insurance Co., 89 N. Y. 315. These cases seem to put that interpretation upon the contract respecting the operation of the limitations imposed as to commencing actions against the reinsured which best accords with the principles of substantial justice, having in view the fundamental idea that the undertaking of the reinsurer is one of indemnity for the protection of the original insurer. It would seem to follow that the reinsured had the right in good faith to contest by suit the claim

against it, and that its right to recover indemnity from the reinsurer does not come within the operation of the statute of limitations until the contention has been finally decided against the original insurer. The liability here was in bona fide contention until October, 1893, under a defense believed to be meritorious, and this action was brought within six years thereafter. It is therefore timely, and not barred by statutory operation. There must be judgment in favor of the plaintiff for the defendant's proportionate share of the loss, the amount to be inserted in the decision when the form thereof is settled. The items for expenses incurred by the plaintiff in defending the orig- · inal action will be disallowed, because there is neither allegation nor proof that the defendant was notified of such action, and permitted to join in the defense thereof. Richards, Ins. (2d Ed.) 188, 189; New York State Marine Ins. Co. v. Protection Ins. Co., 1 Story, 458, Fed. Cas. No. 10,216. Settle form of decision on two days' notice.