## POE et al. v. MUNICH REINSURANCE CO. et al.

(District Court, D. Maryland. December 7, 1922.)

**1. Judgment ⬤➾731—Decree not res judicata of claims arising after period of accounting covered by decree.**

A decree, in an action by a surety company's receivers against a reinsurer, allowing a claim for premiums returned, was not res judicata of a claim for premiums returned or allowed after the period of accounting covered by it.

**2. Insurance ⬤➾686—Allowance of uncollected premiums as return premiums and rebates held proper.**

A special master's allowance in a suit by a surety company's receiver against surety's reinsurer for "return premiums and rebates" was not improper, because items included thereunder were in fact uncollected premiums, in view of uncontradicted evidence that unpaid premiums were classed by insurance companies as "return premiums and rebates."

**3. Insurance ⬤➾686—Rights of surety against its reinsurer not prejudiced by carrying property taken over at excessive book valuation.**

Where a surety on completion bonds was required to take over the property on principal's default, the fact that it carried its equity in the property on its books at a figure in excess of the amount actually realized therefrom did not prejudice it, as respects its rights against its reinsurer.

In Equity. Suit by Edwin W. Poe and others, receivers of the United Surety Company, against the Munich Reinsurance Company, a corporation, and Francis P. Garven (later Thomas W. Miller), Alien Property Custodian. On respondent's exceptions to a report of a special master. Exceptions overruled, and master's report ratified and confirmed.

Decree affirmed 293 Fed. 766. See, also, 276 Fed. 949.

Joseph C. France, J. Kemp Bartlett, and Stuart S. Janney, all of Baltimore, Md., for plaintiffs.

R. E. Lee Marshall, of Baltimore, Md., for Munich Reinsurance Co.

Robert R. Carman, of Baltimore, Md., for Alien Property Custodian.

ROSE, District Judge. Upon coming in of the special master's report, directed by the decree of this court passed on the 30th day of January, last, the respondents filed a number of exceptions. The first is as to the failure of the special master to credit the Munich Reinsurance Company with interest on the sum of $78,154.61 from October 3, 1913, when it paid that sum under a decree entered by the circuit court of Baltimore city. Frankly I am unable to understand upon what this exception is based. That money was directed then to be paid, and was then due. The exception is overruled.

[1] The next exception is to the allowance for return premiums in respect to business prior to January 1, 1911. This exception is on the theory that an allowance for this sum should have been included, if it was not, in the decree of the circuit court of Baltimore city, heretofore mentioned, and all claims on account of it are consequently res adjudicata. As a matter of fact, none of these premiums, as I understand it, were returned or allowed for until after the period of accounting covered by the decree in question. The exception, therefore, cannot be sustained.

[2] The third exception is to the allowance of the sum of $67,495.08 as return premiums and rebates, because, as the exceptants say, they were not properly "returned" premiums, but were "uncollected" premiums. The plaintiffs offered evidence to show that in the dealings of insurance companies, of the class of those here before the court, unpaid premiums are classed as return premiums and rebates. The defendants offered no testimony to the contrary, although they had ample opportunity to do so, if they saw fit, and I am therefore constrained to accept that put in by the plaintiff as uncontradicted. There is nothing in it unreasonable in itself. The third exception is therefore overruled.

The succeeding 10 exceptions severally deal with items included in the above-mentioned $67,495.08, specifying particular objections to each of the items. I have examined the evidence upon the items included in these 10 exceptions, and am of the opinion that the master was right concerning each and every one of them. So far as the evidence disclosed, the United Surety Company, or its receivers, made all reasonable effort to collect the premiums in question, and made all the effort and incurred all the expense in the matter that any reasonably prudent person, acting for himself and another, would have been justified in doing or incurring.

[3] The remaining specific exception is as to the allowance of $26,285.85. There the surety company was surety on certain completion bonds. The principal defaulted, and the surety company had to take over the property. For a while it carried its equity in the property on its books at a figure $26,285.85 in excess of the sum that it actually realized from the property. I see no reason why this particular bookkeeping entry should have the effect respondents would give to it. The loss was incurred on a surety bond written during the period of the contract, and that is all there is of it.

There is a general exception to the allowance of anything to the plaintiff, which, as I understand, again raises the question of the correctness of the decree passed some 11 months ago. If there is error in that, it will have to be corrected elsewhere.

It follows that all the exceptions are overruled, and the master's report will be ratified and confirmed.