## HICKS, ALIEN PROPERTY CUSTODIAN, v. POE ET AL.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 34.   Argued October 12, 13, 1925.—Decided November 16, 1925.

1. A re-insurance company made a participation contract with a company engaged in the business of surety, fidelity and burglary insurance, whereby the former assumed one-third of the liability on risks written by the latter during a period of five years, and upon annual accountings was to receive one-third of any profits, or pay one-third of any losses, leaving, however, the managment of the business to the other without restriction. The second company being unsuccessful, its receivers, after the five year period, in winding up its business cancelled its outstanding risks by returning unearned premiums to policy-holders. *Held* that this was not a breach of the contract and did not relieve the re-insurer of its liability to pay the insured company one-third of the losses occurring after the five year period on business written within it.   P. 119.

2. The rule that the liability of a re-insurer is not affected by the insolvency of the re-insured company, or the inability of the latter to fulfill its own contracts with the original insured, is applicable to a participation contract differing from customary re-insurance in that the re-insurer, instead of receiving premiums and paying its share of the losses, is to participate in profits and losses.   P. 121.

293 Fed. 766, affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court (276 Fed. 949; 293 *Id.* 764), in favor of the receivers of a Maryland insurance company in a suit brought by them under the Trading with the Enemy Act to reach impounded funds belonging to a foreign insurance company, and for an accounting, etc.

*Messrs. Daniel O. Hastings* and *Hartwell Cabell,* for appellant.

*Messrs. Stuart S. Janney* and *J. Kemp Bartlett,* with whom *Mr. Joseph C. France* was on the brief, for appellees.

Mr. Justice Brandeis delivered the opinion of the Court.

This suit for an accounting was begun in the federal district court for Maryland on June 12, 1920, by the receivers of the United Surety Company, a corporation of that State, against the Munich Re-Insurance Company, a Bavarian corporation. The controversy arose out of a written agreement entered into by the companies in 1906. There had been active litigation in the Maryland courts where much became *res judicata.* See *Munich Re-Insurance Co.* v. *United Surety Co.,* 113 Md. 200; 121 Md. 479; *Poe* v. *Munich Re-Insurance Co.,* 126 Md. 520. This suit was then begun under § 9 of the Trading with the Enemy Act, October 6, 1917, c. 106, 40 Stat. 411, 419 as amended; because the receivers sought to reach funds of the Munich Company in the possession of the Alien Property Custodian. The District Court after careful opinions entered a decree for the receivers for $189,517.16 with interest. 276 Fed. 949; 293 Fed. 764. The Court of Appeals affirmed it without opinion. 293 Fed. 766. The appeal to this court, allowed January 7, 1924, was taken as of right under § 241 of the Judicial Code. We find no reversible error. Two matters only require mention. Neither presents a question federal in its nature.

The United engaged in the business known as surety, fidelity and burglary insurance. The Munich, by what is called a participation contract, agreed with it to assume one-third of the liability on every such risk written during a period five years. The management of the business was to be left to the United without restriction. Upon an annual accounting the Munich was to receive one-third of any profits or pay one-third of any losses. A

decree entered against the Munich in the state court for
losses incurred during the five-year period had been satis-
fied. This suit is for losses incurred after its expiration
on insurance of the United then still outstanding. The
company had been unsuccessful. The state court after
the expiration of the five-year period appointed receivers
who proceeded to wind up the business. They sought in
vain to re-insure all outstanding risks. Then, with the
approval of the court, they secured, so far as possible, can-
cellation of the outstanding insurance by returning un-
earned premiums. The losses on account of which this
suit was brought were on risks entered into during the
existence of the participation contract and remaining un-
expired upon its termination and which the receivers did
not succeed in getting cancelled. The Munich argues that
by the course pursued the assets were wasted through re-
turning the unearned premiums on good risks, and that
thus the poor risks were left unprotected; insists that it
was entitled to have all the insurance carried to its expiry;
and contends that the receivers, by securing the cancella-
tion of much of it for the purpose of winding up the busi-
ness, committed a breach of the participation contract
which released it from further liability. The contention is
unfounded. The participation contract did not restrict
the discretion to be exercised by the United, and its re-
ceivers, in the conduct of the business or in winding it up
after the termination of the agreement. The case of
*Central Trust Co.* v. *Chicago Auditorium Assn.*, 240 U. S.
581, upon which appellants rely, is without application.

There is a further contention that, because the United
has not paid to its creditors any part of the amounts due
on its contracts, and is likely to pay only twenty-five cents
on the dollar, the Munich is under no liability to pay to
it anything on account of losses incurred thereunder or, in
any event, more than a *pro rata* share of the payments
actually made by the United. The Munich became a re-

insurer. The liability of a re-insurer is not affected by the insolvency of the re-insured company or the inability of the latter to fulfill its own contracts with the original insured. *Allemania Fire Insurance Co.* v. *Firemen's Insurance Co.,* 209 U. S. 326. The participation contract differs from customary re-insurance in this: The Munich instead of receiving premiums and paying its share of losses was to participate in profits and losses. The difference is not one which affected the scope or character of the Munich's obligation.

*Affirmed.*