HOME INSURANCE COMPANY ET AL. *v.* DICK ET AL.

No. 232. Argued February 27, 1930.—Decided May 5, 1930.

*Messrs. David Rumsey* and *Mark W. Maclay* for appellants.

*Mr. John Neethe,* with whom *Messrs. H. C. Hughes* and *John L. Darrouzet* were on the brief, for appellees.

. MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Dick, a citizen of Texas, brought this action in a court of that State against Compañia General Anglo-Mexicana de Seguros S. A., a Mexican corporation, to recover on a policy of fire insurance for the total loss of a tug. Jurisdiction was asserted *in rem* through garnishment, by ancillary writs issued against The Home Insurance Company and Franklin Fire Insurance Company, which reinsured, by contracts with the Mexican corporation, parts of the risk which it had assumed. The garnishees are New York corporations. Upon them, service was effected by serving their local agents in Texas appointed pursuant to Texas statutes, which require the appointment of local agents by foreign corporations seeking permits to do business within the State.

The controversy here is wholly between Dick and the garnishees. The defendant has never been admitted to do business in Texas; has not done any business there; and has not authorized anyone to receive service of process or enter an appearance for it in this cause. It was cited by publication, in accordance with a Texas statute; attorneys were appointed for it by the trial court; and they filed on its behalf an answer which denied liability. But there is no contention that thereby jurisdiction *in personam* over it was acquired. Dick's claim is that, since the obligation of a reinsurer to pay the original insurer arises upon the happening of the loss and is not conditional upon prior payment of the loss by the insurer, *Allemannia Fire Insurance Co.* v. *Firemen's Insurance Co.*, 209 U. S. 326; *Hicks* v. *Poe*, 269 U. S. 118, the New York companies are indebted to the Mexican company and these debts are subject to garnishment in a proceeding against the latter *quasi in rem*, even though it is not suable *in personam*. The garnishees concede that inability to sue the

Mexican corporation in Texas, *in personam*, is not material, if a cause of action against it existed at the time of garnishment and there was within the State a *res* belonging to it. But they deny the existence of the cause of action or of the *res*.

Their defense rests upon the following facts. This suit was not commenced till more than one year after the date of the loss. The policy provided: "It is understood and agreed that no judicial suit or demand shall be entered before any tribunal for the collection of any claim under this policy, unless such suits or demands are filed within one year counted as from the date on which such damage occurs." This provision was in accord with the Mexican law to which the policy was expressly made subject.[1] It was issued by the Mexican company in Mexico to one Bonner, of Tampico, Mexico, and was there duly assigned to Dick prior to the loss. It covered the vessel only in certain Mexican waters. The premium was paid in Mexico; and the loss was "payable in the City of Mexico in current funds of the United States of Mexico, or their equivalent elsewhere."[2] At the time the policy was is-

---

[1] The policy contained also the provision: "The present policy is subjected to the disposition of the Commercial Code, in that it does not alter or modify the stipulations which that same contains." The dispositions of the Commercial Code thus incorporated are: "Article 1038. The rights of action derived from commercial acts shall be subject to prescription in accordance with the provisions of this Code. Article 1039. The periods fixed for the enforcement of rights of action arising out of commercial acts shall be fatal except restitution against same is given. Article 1043. One year shall prescribe actions derived from contracts of life insurance, sea and land."

[2] The loss was made payable to Dick and the Texas and Gulf Steamship Co. as their interests might appear. The Steamship Company and Suderman & Young, Inc., assignee of part of the cause of action, intervened as plaintiffs and are joined with Dick as appellees. As there are no rights peculiar to them, they need not be further referred to. Dick contends that since the policy was payable to the

sued, when it was assigned to him, and until after the loss, Dick actually resided in Mexico, although his permanent residence was in Texas. The contracts of reinsurance were effected by correspondence between the Mexican company in Mexico and the New York companies in New York. Nothing thereunder was to be done, or was in fact done, in Texas.

In the trial court, the garnishees contended that since the insurance contract was made and was to be performed in Mexico, and the one year provision was valid by its laws, Dick's failure to sue within one year after accrual of the alleged cause of action was a complete defense to the suit on the policy; that this failure also relieved the garnishees of any obligation as reinsurers, the same defense being open to them, *New York State Marine Ins. Co.* v. *Protection Ins. Co.*, 1 Story 458, 460; and that they, consequently, owed no debt to the Mexican company subject to garnishment.[3]  To this defense, Dick demurred, on the ground that Article 5545 of the Texas Revised Civil Statutes (1925) provides: " No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agree-

---

Texas and Gulf Steamship Co., the contract was performable in Texas. The contention is in conflict with the quoted language of the policy and there is no provision otherwise lending support to the argument. Texas is nowhere mentioned in the policy. Moreover, there is nothing in the record to show that the Steamship Company's sole place of business was in Texas. The State courts made no findings on this claim.

[3] Besides the defense here discussed the answers both of the Mexican corporation and of the garnishees alleged: (2) that the suit was not brought within the period provided by the Commercial Code of Mexico, and that thereby the right of action was completely barred upon the expiration of one year; (3) that the policy was void because of plaintiff's misrepresentations as to the value of the vessel; (4) that the vessel was not a total loss and was abandoned in violation of the terms of the policy. None of these defenses needs to be considered.

ment, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

The trial court sustained Dick's contention and entered judgment against the garnishees. On appeal, both in the Court of Civil Appeals (8 S. W. (2d) 354) and in the Supreme Court of the State (15 S. W. (2d) 1028), the garnishees asserted that, as construed and applied, the Texas statute violated the due process clause of the Fourteenth Amendment and the contract clause. Both courts treated the policy provision as equivalent to a foreign statute of limitation; held that Article 5545 related to the remedy available in Texas courts; concluded that it was validly applicable to the case at bar; and affirmed the judgment of the trial court. The garnishees appealed to this Court on the ground that the statute, as construed and applied, violated their rights under the Federal Constitution. Dick moved to dismiss the appeal for want of jurisdiction. Then the garnishees filed, also, a petition for a writ of certiorari. Consideration of the jurisdiction of this Court on the appeal, and of the petition for certiorari, was postponed to the hearing of the case on the merits.

*First.* Dick contends that this Court lacks jurisdiction of the action, because the errors assigned involve only questions of local law and of conflict of laws. The argument is that while a provision requiring notice of loss within a fixed period, is substantive because it is a condition precedent to the existence of the cause of action, the provision for liability only in case suit is brought within the year is not substantive because it relates only to the remedy after accrual of the cause of action; that while the validity, interpretation and performance of the substantive provisions of a contract are determined by

the law of the place where it is made and is to be performed, matters which relate only to the remedy are unquestionably governed by the *lex fori*; and that even if the Texas court erred in holding the statute applicable to this contract, the error is one of state law or of the interpretation of the contract, and is not reviewable here.

The contention is unsound. There is no dispute as to the meaning of the provision in the policy. It is that the insurer shall not be liable unless suit is brought within one year of the loss. Whether the provision be interpreted as making the commencement of a suit within the year a condition precedent to the existence of a cause of action, or as making failure to sue within the year a breach of a condition subsequent which extinguishes the cause of action, is not of legal significance here.[4] Nor are we concerned with the question whether the provision is properly described as relating to remedy or to substance. However characterized, it is an express term in the contract of the parties by which the right of the insured and the correlative obligation of the insurer are defined. If effect is given to the clause, Dick cannot recover from the Mexican corporation and the garnishees cannot be compelled to pay. If, on the other hand, the statute is applied to the contract, it admittedly abrogates a contractual right

---

[4] That a provision requiring notice of loss within a fixed period and one requiring the bringing of suit, stand upon the same footing was held in *Riddlesbarger* v. *Hartford Insurance Co.*, 7 Wall. 386, 390. Compare *Semmes* v. *Hartford Insurance Co.*, 13 Wall. 158, 161. The validity and effectiveness of a clause limiting the time for suit, in the absence of a controlling statute, was recognized also in Texas, *Suggs* v. *Travelers Insurance Co.*, 71 Texas 579. In that case, decided before the enactment of Article 5545, the Texas court upheld a similar provision in an insurance policy against the claim of an infant without capacity to sue. The court described the nature of the provision thus (p. 581): "It is said to differ from the statutory limitation in this, that it does not merely deny the remedy, but forfeits the liability when the suit is not brought within the stipulated time."

and imposes liability, although the parties have agreed that there should be none.

The statute is not simply one of limitation. It does not merely fix the time in which the aid of the Texas courts may be invoked. Nor does it govern only the remedies available in the Texas courts. It deals with the powers and capacities of persons and corporations. It expressly prohibits the making of certain contracts. As construed, it also directs the disregard in Texas of contractual rights and obligations wherever created and assumed; and it commands the enforcement of obligations in excess of those contracted for. Therefore, the objection that, as applied to contracts made and to be performed outside of Texas, the statute violates the Federal Constitution, raises federal questions of substance; and the existence of the federal claim is not disproved by saying that the statute, or the one year provision in the policy, relates to the remedy and not to the substance.

That the federal questions were not raised in the trial court is immaterial. For, the Court of Civil Appeals and the Supreme Court of the State considered the questions as properly raised in the appellate proceedings and passed on them adversely to the federal claim. *Chicago, Rock Island & Pacific Ry. Co.* v. *Perry,* 259 U. S. 548, 551; *Sully* v. *American National Bank,* 178 U. S. 289, 298. The case is properly here on appeal. The motion to dismiss the appeal is overruled; and the petition for certiorari is, therefore, denied.

*Second.* The Texas statute as here construed and applied deprives the garnishees of property without due process of law. A State may, of course, prohibit and declare invalid the making of certain contracts within its borders. Ordinarily, it may prohibit performance within its borders, even of contracts validly made elsewhere, if they are required to be performed within the State and their performance would violate its laws. But, in the

case at bar, nothing in any way relating to the policy sued on, or to the contracts of reinsurance, was ever done or required to be done in Texas. All acts relating to the making of the policy were done in Mexico. All in relation to the making of the contracts of re-insurance were done there or in New York. And, likewise, all things in regard to performance were to be done outside of Texas. Neither the Texas laws nor the Texas courts were invoked for any purpose, except by Dick in the bringing of this suit. The fact that Dick's permanent residence was in Texas is without significance. At all times here material, he was physically present and acting in Mexico. Texas was, therefore, without power to affect the terms of contracts so made. Its attempt to impose a greater obligation than that agreed upon and to seize property in payment of the imposed obligation violates the guaranty against deprivation of property without due process of law. *Compañía General de Tabacos* v. *Collector of Internal Revenue*, 275 U. S. 87; *Aetna Life Ins. Co.* v. *Dunken*, 266 U. S. 389; *New York Life Ins. Co.* v. *Dodge*, 246 U. S. 357. Compare *Modern Woodmen of America* v. *Mixer*, 267 U. S. 544, 551.[5]

The cases relied upon, in which it was held that a State may lengthen its statute of limitations, are not in point.

---

[5] The division of this Court in the *Tabacos* and *Dodge* cases was not on the principle here stated, but on the question of fact whether there were in those cases things done within the State of which the State could properly lay hold as the basis of the regulations there imposed. Compare *Bothwell* v. *Buckbee, Mears Co.*, 275 U. S. 274; *Palmetto Fire Ins. Co.* v. *Conn*, 272 U. S. 295. In the absence of any such things, as in this case, the Court was agreed that a State is without power to impose either public or private obligations on contracts made outside of the State and not to be performed there. Compare *Mutual Life Insurance Co.* v. *Liebing*, 259 U. S. 209; E. Merrick Dodd, Jr., "The Power of the Supreme Court to Review State Decisions in the Field of Conflict of Laws," 39 Harv. L. Rev. (1926) 533, 548.

See *Atchafalaya Land Co.* v. *Williams Cypress Co.,* 258 U. S. 190; *National Surety Co.* v. *Architectural Decorating Co.,* 226 U. S. 276; *Vance* v. *Vance,* 108 U. S. 514. In those cases, the parties had not stipulated a time limit for the enforcement of their obligations. It is true that a State may extend the time within which suit may be brought in its own courts, if, in doing so, it violates no agreement of the parties.[6] And, in the absence of a contractual provision, the local statute of limitation may be applied to a right created in another jurisdiction even where the remedy in the latter is barred.[7] In such cases, the rights and obligations of the parties are not varied. When, however, the parties have expressly agreed upon a time limit on their obligation, a statute which invalidates the agreement and directs enforcement of the contract after the time has expired increases their obligation and imposes a burden not contracted for.

It is true also that a State is not bound to provide remedies and procedure to suit the wishes of individual litigants. It may prescribe the kind of remedies to be available in its courts and dictate the practice and procedure to be followed in pursuing those remedies. Con-

---

[6] The State courts placed some reliance on *Campbell* v. *Holt,* 115 U. S. 620. Whether, as there held, a statute of limitations may also be lengthened so as to affect liabilities already barred is not here pertinent. There is a clear difference between the revival of a liability which is unenforcible only because a statute has barred the remedy regardless of the will of the parties, and the extension of a liability beyond the limit expressly agreed upon by the parties. Compare *National Surety Co.* v. *Architectural Decorating Co.,* 226 U. S. 276, 282; *William Danzer & Co.* v. *Gulf & Ship Island R. R. Co.,* 268 U. S. 633, 636.

[7] Whether a distinction is to be drawn between statutes of limitation which extinguish or limit the right and those which merely bar the remedy, we need not now determine. Compare *Davis* v. *Mills,* 194 U. S. 451 and *Texas Portland Cement Co.* v. *McCord,* 233 U. S. 157 with *Canadian Pac. Ry. Co.* v. *Johnston,* 61 Fed. 738.

tractual provisions relating to these matters, even if valid where made, are often disregarded by the court of the forum, pursuant to statute or otherwise. But the Texas statute deals neither with the kind of remedy available nor with the mode in which it is to be pursued. It purports to create rights and obligations. It may not validly affect contracts which are neither made nor are to be performed in Texas.

*Third.* Dick urges that Article 5545 of the Texas law is a declaration of its public policy; and that a State may properly refuse to recognize foreign rights which violate its declared policy. Doubtless, a State may prohibit the enjoyment by persons within its borders of rights acquired elsewhere which violate its laws or public policy; and, under some circumstances, it may refuse to aid in the enforcement of such rights. *Bothwell* v. *Buckbee, Mears Co.,* 275 U. S. 274, 277-9; *Union Trust Co.* v. *Grosman,* 245 U. S. 412; compare *Fauntleroy* v. *Lum,* 210 U. S. 230. But the Mexican corporation never was in Texas; and neither it nor the garnishees invoked the aid of the Texas courts or the Texas laws. The Mexican corporation was not before the court. The garnishees were brought in by compulsory process. Neither has asked favors. They ask only to be let alone. We need not consider how far the State may go in imposing restrictions on the conduct of its own residents, and of foreign corporations which have received permission to do business within its borders; or how far it may go in refusing to lend the aid of its courts to the enforcement of rights acquired outside its borders. It may not abrogate the rights of parties beyond its borders having no relation to anything done or to be done within them.

*Fourth.* Finally, it is urged that the Federal Constitution does not require the States to recognize and protect rights derived from the laws of foreign countries—that as to them the full faith and credit clause has no applica-

tion. See *Aetna Life Ins. Co.* v. *Tremblay,* 223 U. S. 185. The claims here asserted are not based upon the full faith and credit clause. Compare *Royal Arcanum* v. *Green,* 237 U. S. 531; *Modern Woodmen of America* v. *Mixer,* 267 U. S. 544. They rest upon the Fourteenth Amendment. Its protection extends to aliens. Moreover, the parties in interest here are American companies. The defense asserted is based on the provision of the policy and on their contracts of reinsurance. The courts of the State confused this defense with that based on the Mexican Code. They held that even if the effect of the foreign statute was to extinguish the right, Dick's removal to Texas prior to the bar of the foreign statute, removed the cause of action from Mexico and subjected it to the Texas statute of limitation. And they applied the same rule to the provision in the policy. Whether or not that is a sufficient answer to the defense based on the foreign law, we may not consider; for, no issue under the full faith and credit clause was raised. But in Texas, as elsewhere, the contract was subject to its own limitations.

*Fifth.* The garnishees contend that the guaranty of the contract clause relates not to the date of enactment of a statute, but to the date of its effect on contracts; that, when issued, the policy of the Mexican corporation was concededly not subject to Texas law; that, although the statute relied upon by Dick was passed prior to the making of the contract, it did not operate upon the contract until this suit was brought in the Texas court; and that, hence, the statute violates the contract clause. Since we hold that the Texas statute, as construed and applied, violates the due process clause, we have no occasion to consider this contention. Nor have we considered their further contention, in reliance upon *Morris & Co.* v. *Skandinavia Ins. Co.,* 279 U. S. 405, that there was lack of jurisdiction over them for purposes of garnishment, because the authorization of service upon their local agents is lim-

ited to suits brought against them as defendants. For, this objection was not made or considered below on constitutional grounds.

*Reversed.*