HOME INSURANCE COMPANY et al., Plaintiffs in Error, v. C. J. DICK et al., Defendants in Error.

Motion No. 9183.

No. 1235—5265.

Commission of Appeals of Texas, Section A.
Dec. 20, 1930.

CRITZ, J.

This suit was brought in the district court of Galveston county, Tex., by C. J. Dick against Compania General Anglo-Mexicana de Seguros, S. A., a Mexican fire insurance company, which had no agent in Texas, and for the purpose of acquiring jurisdiction, two writs of garnishment were issued against two American insurance companies having permits to do business in this state. The Mexican insurance company was cited by publication, and was represented and answered alone by and through attorneys appointed by the court. Other parties intervened. The two American companies duly answered. The district court rendered judgment against the two American insurance companies as garnishees.

The Mexican insurance company, and the two American insurance companies, defended on the ground that owing to the existence of a statute in force in the Republic of Mexico, where the contract of insurance was entered into, action on any and all policies of life or fire insurance must be brought within one year from the date of loss, and said insurance companies further pleaded that the insurance policy issued by the Mexican insurance company in the instant case contained a clause to the same effect. The several companies

then pleaded that this suit was not brought until after the expiration of this one-year period from the date of loss of the boat on which the policy was issued.

It seems that Dick et al. demurred to this defense so interposed by such insurance companies on the ground that such defense was in contravention of article 5545, R. C. S. of Texas 1925. Such statute reads as follows:

"No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

The district court sustained the. demurrer, and after a hearing rendered judgment for Dick et al. Also it seems that no evidence was heard regarding the statute of Mexico pleaded by the insurance companies, but the policy of insurance was in evidence and contained the clause pleaded. As already stated, the Court of Civil Appeals [8 S.W.(2d) 354] and Supreme Court of Texas sustained the ruling and judgment of the district court. The opinion of the Commission is found in 15 S.W.(2d) 1028.

On appeal by the insurance companies to the Supreme Court of the United States (281 U. S. 397, 50 S. Ct. 338, 74 L. Ed. 926), the judgment and rulings of the Court of Civil Appeals and of this court were reversed on the ground that in so far as the above-quoted Texas statute affects foreign contracts it is unconstitutional and void. The case was remanded to the Supreme Court of Texas by the United States Supreme Court for further proceedings in accordance with the opinion of the United States Supreme Court. On receipt of the mandate and opinion of the United States Supreme Court, this court remanded the case to the district court for a new trial. The case is now again before this court on motion for rehearing by the insurance companies wherein they contend that all material issues of this litigation have been settled and determined in their favor by the United States Supreme Court, and that this cause should be now here rendered in their favor.

Dick et al. have replied to the above motion, contending that the issues above mentioned were decided on demurrer in the district court without hearing the evidence thereon. The insurance companies have replied and contend that the policy containing the one-year clause in which to file the suit was in evidence and before all of the courts.

Under the above record we are still of the opinion that the issue here involved was pri-

marily decided on a demurrer and not on a trial of the facts. If on another trial no facts are pleaded and proved by Dick et al. to avoid the effect of the provision of the contract above mentioned, then the district court can carry out and give full effect to the judgment and opinion of the United States Supreme Court. No injustice can be done by remanding the cause to the district court, while an injustice might be done by now here rendering the cause.

We recommend that the motion for rehearing filed herein by the several insurance companies be overruled.