502

## LANGAN v. ROBERTS BROS., Inc.
### No. 717.

District Court, E. D. Missouri, S. D.
Aug. 18, 1943.

Asa J. Wilbourn and DeWitt Twente, both of Cairo, Ill., and J. M. Haw, of Charleston, Mo., for Ruth Langan, plaintiff.

Oliver & Oliver, of Cape Girardeau, Mo., for defendant.

COLLET, District Judge.

The motion to dismiss under submission is based upon alleged improper venue. The plaintiff is a citizen of Georgia, the defendant a Delaware corporation licensed to and now doing business in Missouri, pursuant to the Missouri statute relating to non-resident business corporations. Plaintiff recovered a judgment against defendant for $20,000, in the Illinois state courts and seeks to enforce the collection of that judgment in this action filed in the Southeastern Division of the Eastern District of Missouri. The defendant, invoking Section 51 of the Judicial Code, 28 U.S.C.A. § 112, asserts that a citizen of Georgia may not sue a Delaware Corporation in Missouri. That part of Section 51 applicable here is as follows: "Except as provided in sections 113-117 of this title, no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided in sections 113-118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The Missouri statute relating to non-resident corporations among other things provides: "Every corporation for pecuniary profit formed in any other state, territory or country, before it shall be authorized or permitted to transact business in this state, or to continue business therein if already established, shall have and maintain a public office or place in this state for the transaction of its business, where legal service may be obtained upon it, and where proper books shall be kept to enable such corporation to comply with the constitutional and statutory provisions governing such corporation; *and such corporation shall be subjected to all the liabilities, restrictions and duties which are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers.*" (Italics supplied) Sec. 5072, R.S. Mo.1939, Mo.R.S.A.

It is further provided in Section 5074, R.S.Mo.1939, Mo.R.S.A.: " * * * shall file in the office of the secretary of state * * * a sworn statement * * * which statement shall set out the location of its principal office or place in this state for the transaction of its business, the name of its principal agent in Missouri and the address where legal service may be obtained upon it. by serving such agent, and also set out that.

if service cannot be had upon such agent on account of absence, death or inability of serving officer to find such agent that service may be had upon the secretary of state which shall be binding upon the corporation."

 It is obvious from these quoted provisions of the Missouri statute that the expressed policy of the State is to impose upon non-resident corporations doing business in Missouri, the same obligations and duties as well as the same rights and privileges as are incidents to the right of domestic corporations to function as such. That the State has the constitutional right to require a foreign corporation to make itself amenable to suit in the State as an incident to the right to transact business therein has been definitely settled. Prior to Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, compliance with such a statute was not given the effect of a waiver of venue. See dissenting opinion in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. loc. cit. 175, 60 S.Ct. loc. cit. 158, 84 L.Ed. 167, 128 A.L.R. 1437. In the Neirbo case compliance with such a statute was held to result in such a waiver. While the question is not presented here or discussed in Neirbo Co. v. Bethlehem Shipbuilding Corp., the latter in effect precludes consideration of the question of whether the State of Missouri in its sovereign capacity may have such a governmental interest in affording rights or privileges to a citizen of another state as will authorize or empower the State to legislate in the non-resident's behalf to the extent of enforcing a waiver by a foreign corporation for the benefit of the non-resident plaintiff. The absence of such a governmental interest in the subject matter or the parties has in some instances prevented the application of the law of the forum to the determination of controversies in which the State had no governmental interest with respect to either the parties or the subject matter. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701; Compare: Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462; Order of United Commercial Travelers v. Meinsen, 8 Cir., 131 F.2d 176; Meinsen v. Order of United Commercial Travelers, D.C., 43 F.Supp. 756.

The facts in the case at bar bring it within the rule announced by the majority opinion in the Neirbo case, supra, and Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S. Ct. 215, 84 L.Ed. 537. The motion must therefore be and is overruled.