William Stiglich, Galveston, Tex., for appellant.

T. E. Mosheim, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The judgment appealed from denied recovery upon an air craft hull policy. The ground of the denial was that, the action not having been "commenced within twelve months next after the happening of the loss," as provided in condition 8[1] of the policy, and it not being made to appear that the contract was a Texas contract, the Texas Statute, Art. 5545,[2] avoiding contract

## WATSON v. RHODE ISLAND INS. CO.
### No. 13754.

United States Court of Appeals
Fifth Circuit.

April 29, 1952.

Rehearing Denied May 29, 1952.

1. "8. Payment for Loss: Action Against Company. Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, * * * unless such action shall have been commenced within twelve months next after the happening of the loss."

2. "No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time

limitation periods of less than two years, was inapplicable, and suit on the policy was barred. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926; Aetna Life v. Dunkin, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342.

Appearing here by counsel, other than the one who filed it and the one who submitted it below to the trial court, without a jury and on an agreed stipulation, appellant urges upon us that the contract was a Texas contract and the contract limitation period relied on below was invalidated by Art. 5545, 1925 Revised Civil Statutes of Texas, note 2 supra.

Conceding that the stipulation fails to adequately present the contention now made, indeed does not deal with it at all, appellant relies on the allegations in its complaint[3] and the duly executed rider endorsements No. 2[4] and No. 3[5] attached to the policy. In addition it relies on documents not offered in evidence below, but tendered as Exhibits to its brief, which it claims would, if offered in evidence, have established that the contract was, as pleaded, a Texas contract.

Appellee, insisting that there is no basis in the record for holding that the contract sued on was a Texas contract within the meaning of the cited cases, vigorously defends the correctness of the judgment upon the ground put forward by the district judge in its support.

Opposing appellant's belated effort to bring before the court evidence not offered below, appellee moves that the reference to and the proposed exhibits be stricken from the brief, and, in addition, insists that the judgment is supported by breaches of other

---

in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

3. This declared: "The defendant, at all times material hereto, was lawfully engaged in the business of writing aircraft hull insurance in the State of Texas, and did, on Aug. 13, 1946, through its duly authorized agent, Charles W. Cerny of Houston, Harris County, Texas, issue a policy of insurance No. AH–1048 and delivered said policy of insurance to the Atlantic & Pacific Airlines, whose principal place of business on such date was New Orleans, Louisiana. Subsequently, and on Sept. 3, 1946, by endorsement No. 2, the named insured therein was amended to include Andrew J. Burke and by endorsement No. 3, dated Sept. 12, 1946, said defendant acknowledged that the principal place of business of the insured and its home base was at the Municipal Airport, Galveston, Texas, and said contract is performable in and may be enforced in Galveston County, Texas."

4 "Aviation Agency Corporation
  80 John Street, New York, 7, N. Y.
  Manager, Aviation Departments, of
Wm. Penn Fire Ins. Co.                    (for Physical Damage
Rhode Island Insurance Co.                (Coverage on Hulls
American Fidelity Fire Ins. Co.           (
American Fidelity & Cas. Co., Inc.,         for Liability and
                                            Accident Coverages.

"Endorsement No. 2 for attachment to Aircraft Hull Physical Damage Policy No. AH–1048 of the Rhode Island Insurance Company issued to Atlantic and Pacific Airlines and United States of America, A. I. M. A., expiring July 22, 1947.

"It is understood and agreed that the name of the Insured stated in this policy is hereby amended to read, Andrew J. Burke and Atlantic and Pacific Airlines, as interest may appear."

All other terms and conditions remain unchanged.
New York, N. Y., Sept. 3, 1946.

5. Issued New York, N. Y. Sept. 12, 1946, on the same form as Endorsement No. 2 (note 4, supra), Endorsement No. 3 provides:

"The C. A. A. certificate number of the aircraft insured hereunder is hereby acknowledged to be NC–79024.

"It is also understood and agreed that the home base of the Insured is now at Municipal Airport at Galveston, Texas."

conditions of the policy than the one relied on by the district judge.

 Pretermitting consideration of these other grounds and disposing of the appeal on the ground assigned below for the judgment, we think it plain: that the appellee's motion to strike exhibits now tendered for our consideration should be granted; that the appeal should be determined on the record made below; and that, on that record, the judgment was soundly based, and should be affirmed.

Affirmed.