Victor APODACA, Jr., Independent Execu-
tor of the Estate of V. G. Apodaca a/k/a
Victor G. Apodaca, Victor Apodaca, Sr.,
and Victor Apodaca, Deceased, Appellant,

v.

BANCO LONGORIA, S. A. and Lic. Manuel
Martinez Gonzalez, Appellees.

No. 6061.

Court of Civil Appeals of Texas,
El Paso.

March 4, 1970.

Rehearing Denied April 1, 1970.

Joseph Abraham, Jr., Guevara, Rebe & Armstrong, El Paso, for appellant.

Mayfield, Broaddus & Perrenot, Richard B. Perrenot, El Paso, for appellees.

## OPINION

FRASER, Chief Justice.

This is an appeal from a judgment of a district court of El Paso County, wherein the said court granted summary judgment in favor of the appellees, who were plaintiffs in the court below.

The general statement and nature of the case is as follows: On March 8, 1967, V. G. Apodaca executed and delivered to Banco Longoria, S.A., in Cd. Juarez, Chihuahua, Mexico, his promissory note in the amount of $7,000.00 (U.S. dollars), payable without interest on May 7, 1967, and bearing interest after maturity at the rate of 18 per cent per annum. The note was payable in Cd. Juarez, Chihuahua, or Mexico, D. F., at the election of Banco Longoria, S. A.

Subsequent to the execution and delivery of the note, V. G. Apodaca died, and Victor Apodaca, Jr. (defendant-appellant) qualified as his independent executor in probate proceedings in El Paso County, Texas. The note was not paid at maturity, but on July 19, 1968, defendant-appellant made a payment of $5,000.00 which, in accordance with Mexican law, was applied first to interest and then to principal. No other payments on the note were made, and Banco Longoria, S. A. and Lic. Manuel Martinez Gonzalez (plaintiffs-appellees) brought suit for the balance due. Lic. Manuel Martinez Gonzalez joined as plaintiff because the note had been endorsed to him for the purpose of collecting it, but Banco Longoria, S. A. remains the legal holder thereof.

Defendant filed an unverified general denial in response to plaintiffs' original petition, and thereafter filed his first amended answer, likewise unverified. Plaintiffs filed their verified motion for summary judgment, together with supporting affidavits. Defendant filed his unverified answer to plaintiffs' motion for summary judgment, but filed no opposing affidavits. Defendant then filed his unverified motion for summary judgment, but filed no affidavits in support thereof. No depositions or admissions were filed by either plaintiffs or defendant. On this state of the record, the trial court granted plaintiffs' motion for summary judgment in the amount of $3,957.35, plus interest from judgment at the rate of ten per cent per annum. The court denied defendant's motion for summary judgment.

Defendant-appellant's first point charges that the trial court erred in granting appellees' motion for summary judgment and overruling appellant's motion to dismiss on the ground that the Texas Court is an inconvenient forum to enforce a Mexican contract right for 18 per cent interest. We believe this point must be overruled.

Appellant argues that the trial court should have refused jurisdiction because a dissimilar law on negotiable instruments was attempted to be enforced in a Texas forum where the administrative machinery was not available to enforce that foreign law fully. Appellant cites four Texas cases, but they are tort cases involving out-of-state railroad accidents where the laws of the states involved are so dissimilar that undue difficulty would be encountered in attempting to adjudicate the controversy. We do not think these cases substantiate appellant's position. Appellant has also cited Johnson v. Employers Liability Assur. Corporation, 99 S.W.2d 979 (Tex.Civ. App., wr. ref.); and there the Court of Civil Appeals found that certain substantial rights allowable in a Louisiana compensation case or judgment would be denied if a Texas court assumed jurisdiction. The ap-

pellant has cited no case wherein a Texas court has refused jurisdiction of an action to enforce a promissory note executed in Mexico by a resident of Texas on the ground of dissimilarity of law. In the case before us, the appellant is the independent executor of an estate being probated in El Paso County, Texas, and his status as such emanates from an order of the County Court of El Paso County, Texas, of which he is a resident. Under this situation, appellant has no legal existence in Mexico, and appellees chose the only forum which has jurisdiction of defendant-appellant. Appellant also raises the issue that the liability on a promissory note "is one imposed by foreign statute which also provides his remedy for its enforcement." This is obviously a reference to that part of the Mexican negotiable instruments law which permits the judge to reduce the rate of interest under proper circumstances. Such circumstances would be affirmative defenses, and were not raised in the trial court. Appellant argues only that such a defense is theoretically available. We are confronted here with a simple promissory note, and the provision in question is in no way a part of the remedy, and, in any event, was not presented to the trial court and cannot be raised for the first time on appeal. Appellant's Point I is therefore overruled.

■ Appellant's Point II charges the court with error in granting appellees' motion for summary judgment to the extent of principal and 18 per cent interest on a promissory note sued upon, because the trial court should have applied Texas law to the facts and therefore have ruled that the 18 per cent interest was usurious and therefore not recoverable. It is our holding that this point, also, must be overruled. Appellant bases his position on the ground that the applicable Mexican law was not properly pleaded and proved by plaintiffs. However, we find the cases cited by appellant to be neither conclusive nor applicable. On the contrary, we believe the law to be as stated in the following authorities—that

evidence as to foreign law may be presented by the opinions of skilled persons: Cuba Railroad Co. v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274; Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926; State v. Valmont Plantations, 346 S.W.2d 853 (Tex.Civ.App., San Antonio 1961; aff'd. 163 Tex. 381, 355 S.W.2d 502, 1962); Carter v. Tillery, 257 S.W.2d 465 (Tex.Civ.App., Amarillo 1953, ref. n.r.e.). On the basis of these authorities it is not believed that the statute law in other jurisdictions must be proved by authorized statute books, but may be done by expert opinions.

■ It has long been the law that the interest rate is governed by the place where the contract is made, or where the debt is incurred or to be paid. Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123, holds that the general principle in relation to contracts made in one place to be executed in another is well settled to the effect that they are to be governed by the place of performance, and should the interest rate allowed by the place of performance be higher than that permitted in the place of contract, the parties may stipulate for the higher interest without incurring the penalties of usury. See also Braniff Inv. Co. v. Norton, 80 F.2d 598 (C.A. 5). Further, the application of the Texas statute with regard to interest would have the effect of depriving appellee of its property without due process of law. See Home Insurance Co. v. Dick, supra. The appropriate provisions of Mexican law with reference to this matter appear both in Spanish and the English translation thereof. The affidavits were submitted by two bankers and one lawyer and are not contested. By the same method of exhibits appellees have proved in the record that it was legal in Mexico to apply the $5,000 payment first, to past due interest, and then to principal. The public policy in Texas, if such does exist, is not applicable. This provision is clearly set out by the United States Su-

**948**

preme Court in Home Insurance Co. v. Dick, supra, where the court points out that a state may not abrogate the rights of parties beyond its borders having no relation to anything done or to be done within them. Appellant's second point is therefore overruled.

Appellant's third point complains that the court erred in sustaining appellees' motion for summary judgment because there is a fact issue as to the Mexican law on commercial instruments. With this we cannot agree, because appellees pleaded Mexican law and proved it in affidavits submitted in support of their motion for summary judgment. Appellant did not file any verified pleadings in opposition to plaintiff's sworn motion for summary judgment, nor did he file any affidavits, counter-affidavits, admissions or depositions, nor do we find any stipulations in the record. The only evidence as to the Mexican law was that presented by appellees which, as we have related, is properly within the record and verified. When a motion for summary judgment has been filed, as was done by plaintiffs in this matter, the appellant has the affirmative duty to come forward with evidentiary matter to controvert that presented by appellees in their said motion, and failure to do so is an admission on the part of the appellant that the facts set forth in appellees' affidavits, depositions, etc., are true. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Shaw v. Frank, 334 S.W.2d 476 (Tex.Civ. App., El Paso 1959, n.w.h.); Harbison v. Jeffreys, 353 S.W.2d 65 (Tex.Civ.App., El Paso 1961, n.w.h.); Aydelotte v. Anderson, 280 S.W.2d 945 (Tex.Civ.App., Amarillo, n.w.h.). Furthermore, appellant himself has admitted that no genuine material fact issue exists, by virtue of the fact that he filed his own motion for summary judgment in which he pleaded that there were no disputed fact issues. This plea is contrary to and inconsistent with appellees' admissions pleaded in their verified motion for summary judgment, and he cannot now

be heard to deny or seek to refute an affirmative admission made in his pleadings. Childress County v. Sachse, 310 S.W.2d 414 (Tex.Civ.App., Amarillo; wr.ref. n.r. e., 158 Tex. 371, 312 S.W.2d 380); McBean v. McBean, 371 S.W.2d 930 (Tex. Civ.App., Waco 1963, n.w.h.). For these reasons, appellant's third point must be overruled.

Appellant's fourth point charges the trial court with error in allowing interest on the judgment in the amount of ten per cent from date of judgment. This matter is covered by Art. 5069–1.05, V.A.T.S., which allows the judgment to bear a maximum of ten per cent interest where the contract upon which the judgment is founded bears a specified interest greater than six per cent per annum. This point is accordingly overruled.

All of appellant's points having been overruled, the judgment of the trial court is affirmed.