**Robert C. NIEMAN, Plaintiff,**

v.

**PRESS & EQUIPMENT SALES CO., et al., Defendants.**

**No. C–1–83–1201.**

United States District Court, S.D. Ohio, W.D.

April 13, 1984.

Michael F. Colley, Frank A. Ray, Columbus, Ohio, for plaintiff.

A. Dennis Miller, Dennis W. Van Houten, Cincinnati, Ohio, for Press & Equipment Co.

Michael D. Eagen, Cincinnati, Ohio, for Federal Press Co.

F. Thomas Green, Dayton, Ohio, for Allen-Bradley Co.

OPINION AND ORDER ON MOTION
*IN LIMINE*

SPIEGEL, District Judge:

This matter came on for consideration of the motion *in limine* of plaintiff, Robert C. Nieman (doc. 21), memorandum in opposition of defendant Allen-Bradley Company (doc. 22), memorandum in opposition of defendant Press & Equipment Sales Company (doc. 23), memorandum in opposition of defendant Federal Press Company, Inc. (doc. 24), and reply memorandum of plaintiff (doc. 25).

This products liability action arises out of an injury sustained by plaintiff, a Colorado resident, while working for his employer in Colorado. Jurisdiction is based on diversity. Plaintiff maintains that this case is governed by applicable Ohio statutory and case law. Defendants contend that this matter is governed by the law of Colorado. The plaintiff requests this Court to resolve this choice of law question, as resolution may preclude further prosecution of the action and eliminate the necessity of further expenditure of time and resources by the parties and by this Court.

For reasons that follow we conclude that Ohio conflicts of law principles require application of the substantive law of Colorado. Further, we find that Colorado's ten-year statute of repose for this type of products liability action, *Col.Rev.St.* § 13–80–127.6(1)(b), is part of the substantive law of Colorado and therefore must be applied. Finally, the undisputed facts make it clear that this action is barred by Colorado's statute of repose. Accordingly, we order that this action be dismissed and judgment entered for the defendants.

I.

Under *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), a federal court sitting in diversity must apply the conflicts of law principles of the forum state. Accordingly, we must look at Ohio conflicts law to determine whether the law of Ohio or Colorado governs this action.

It is clear that absent a compelling interest to the contrary, Ohio courts apply the rule of *lex loci delicti* to determine which state's substantive law should govern. *AMF, Inc. v. Computer Automation, Inc.*, 532 F.Supp. 1335, 1347 n. 19 (S.D.Ohio 1982); *Michell v. General Motors*, 439 F.Supp. 24, 27 (N.D.Ohio 1977). However, we are also cognizant of recent Ohio decisions which demonstrate that considerations of public policy and government interests may prevent mechanical application of this rule. *Lake v. Richardson-Merrell, Inc.*, 538 F.Supp. 262, 272 (N.D.Ohio 1982). Specifically, the rule of *lex loci delicti* should not be applied where application of the rule would be contrary to the legislative policy of Ohio. *Moats v. The Metropolitan Bank of Lima*, 40 Ohio St.2d 47, 49, 319 N.E.2d 603 (1974), relying upon *Schlitz v. Meyer*, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972), which held that where one non-resident sues another non-resident in an Ohio court for damages resulting from an automobile accident in Ohio, the substantive and procedural laws of Ohio govern.

The mechanical application of the rule of *lex loci delicti* has also been abandoned where residents of Ohio instituted wrongful death actions in Ohio courts, even though the place of injury was a foreign state. The Supreme Court of Ohio has held that the administration of the estates of deceased Ohio residents is a direct concern of the state and, therefore, that applying the rule of *lex loci delicti* would violate the legislative policy of Ohio. *Moats*, 40 Ohio St.2d at 47, 319 N.E.2d 603; *Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St.2d 193, 267 N.E.2d 405 (1971).

Defendants make the following factual assertions which appear to be uncontroverted. On August 6, 1981, plaintiff was injured while operating a press and an attached foot pedal manufactured by the defendants Federal Press and Allen-Bradley respectively. Defendant Federal Press is an Indiana corporation and maintains its principal place of business in that state. Defendant Allen-Bradley is a Wisconsin

corporation and maintains its principal place of business in that state.

The defendant Press and Equipment Sales Company, an Ohio corporation, sold the press on behalf of defendant Federal Press to a purchaser in Kentucky. The Allen-Bradley foot pedal was shipped from Elkhart, Indiana to Richmond, Kentucky by Federal Press Company in August, 1969 and the press was first used for its intended purpose shortly thereafter. The press eventually found its way to Colorado through a subsequent sale.

Defendants argue that the remedy of a Colorado employee injured in Colorado by products manufactured in Indiana and Wisconsin cannot constitute a compelling, or even a significant, Ohio interest. They add that applying Ohio law to this case would frustrate Colorado tort policies while furthering no identifiable Ohio policies.

On the other hand, plaintiff argues that the substantive law of Ohio should be applied because Ohio courts have been among the nation's leaders in developing the law of strict products liability. He refers us to the Supreme Court of Ohio's recent statement:

> The doctrine of strict liability evolved to place liability on the party primarily responsible for the injury occurring, that is, the manufacturer of the defective product .... Any distinction based upon the source of the defect undermines the policy underlying the doctrine that the public interest in human life and safety can best be protected by subjecting manufacturers of defective products to strict liability in tort when the products cause harm.

*Leichtamer v. American Motors Corp.,* 67 Ohio St.2d 456, 464–65, 424 N.E.2d 568 (1981) (citation omitted).

■ Given the facts of the instant case, we find that Ohio has no significant interest in this litigation and, therefore, that applying Colorado law would not interfere with the policies of Ohio. Unlike the cases in which Ohio courts have refused to apply the rule of *lex loci delicti,* this case involves a Colorado plaintiff injured in Colorado by products manufactured in Indiana and Wisconsin and originally shipped to Kentucky. As far as we can make out, the only event in Ohio was the negotiation of the sale by defendant Press and Equipment Sales Company, a sales agent for defendant Federal Press.

Although we agree that Ohio has been a leader in the development of strict liability law, nothing in the lead case of *Leichtamer* upon which plaintiff relies suggests that Ohio courts would give extraterritorial effect to policies underlying that law where the injury occurs outside of the state, the injured plaintiff is not a resident of Ohio, and the product was manufactured in a foreign state. In any event, the courts of Colorado have also adopted the doctrine of strict liability. *Hiigel v. General Motors Corp.,* 190 Colo. 57, 544 P.2d 983 (1975). *See also Frazier v. Kyser Industries Corp.,* 43 Colo.App. 287, 607 P.2d 1296 (1980). ("The policy underlying strict liability in tort is designed to place the risk of foreseeable injury caused by a defective product on the manufacturer which has put the product into the stream of commerce.")

In *Fox v. Morrison Motor Freight, Inc.,* 25 Ohio St.2d 193, 199, 267 N.E.2d 405 (1971), the Court noted that in deciding whether to apply the rule of *lex loci delicti:*

> The true search in each instance is for substantial governmental interest ... [A] weighing of any conflicting governmental interest ... of states concerned is necessary.

In weighing the governmental interests involved, we conclude that the substantive law of Colorado should be applied in this case due to Colorado's numerous contacts and strong interests, and a lack of any contrary, compelling, or even significant Ohio interests.

## II.

Having decided that the substantive law of Colorado governs, we must address defendants' argument this action is barred by Colorado's statute of repose for products

liability actions. That statute provides that product liability suits of this type are barred if brought more than ten years after the original delivery of the alleged defective product. *Col.Rev.St.* § 13–80–127.-6(1)(b). It is undisputed that this action was brought more than ten years after delivery of the allegedly defective press and foot pedal. Ohio, the forum state in this action, does not have a statute of repose of this type.

The issue before us is whether Colorado's statute of repose is part of the substantive law of Colorado, in which case this action is time barred. If the statute is purely procedural, then Ohio's statute of limitations applies in which case the action is not time-barred.

■ Statute of limitations provisions are generally seen as procedural and, therefore, the law of the forum state governs. However, when the provision creating the cause of action also specifically limits the right, the statute of limitations is considered part of the substantive law. *Davis v. Drackett Products Co.*, 536 F.Supp. 694, 696 (1982).

Colorado's statute of repose prohibiting product liability actions on claims arising more than ten years after certain equipment is first used for its intended purpose, and entitled "Limitations of actions against manufacturers, sellers, or lessors of new manufacturing equipment," is set forth at *Col.Rev.St.* § 13–80–127.6. The products liability cause of action asserted by plaintiff appears at *Col.Rev.St.* § 13–80–127.-6(1)(b). Plaintiff argues that because the Colorado legislature placed the statute of repose in a different area of Title 13, the statute should be considered procedural. However, Justice Holmes' holding in *Davis v. Mills*, 194 U.S. 451, 454, 24 S.Ct. 692, 693, 48 L.Ed. 1067 (1904) is controlling:

> But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. The same conclusion

would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right.

■ We conclude that the Colorado statute of repose is specifically directed to the products liability cause of action created by the Colorado legislature and thus qualifies the right to bring a product liability action. Therefore, the statute of repose is a part of the substantive law of Colorado.

We reach our conclusion on the following grounds. First, the Colorado statute of repose specifically addresses personal injury actions against manufacturers, sellers, or lessors of new manufacturing equipment. Although not contained in the Product Liability Act itself, the Colorado repose statute clearly qualifies the right to a cause of action arising out of the manufacture or sale of an allegedly defective product.

Second, we base our conclusion that the Colorado repose statute is substantive upon the inherent distinction between statutes of limitations and statutes of repose. The former may more easily be categorized as procedural, for the purpose of a statute of limitations is to exclude state claims from state trial court forums. On the other hand, a statute of repose such as the one involved here is more precisely directed to the problems arising from the creation of a products liability cause of action.

> [I]t has been strenuously argued to the Task Force that a statute of limitation based on the time of injury may be unfair in product liability cases .... The machinery in question may be more than 10, 20, or 30 years old. The manufacturers of equipment may be unable to locate the goods at the present time. A basic predicate for strict liability—the ability to distribute the cost of injuries in the price of his product—may not apply in cases of this kind. Frummer & Friedmann, *5 Products Liability App.* 1040–43 (Matthew Bender 1982).

654

Statutes of repose serve two legitimate purposes. One purpose is "to prevent claims where evidence may be unreliable and unavailable due to lapse of time." Another is to allow persons to plan their affairs free from the burden of protracted and unknown potential liability. *Davis v. Whiting Corp.*, 12 *Products Safety & Liability Reporter* 181 (Oregon Court of Appeals, January 18, 1984), 52 USLW 2492 (March 6, 1984).

Finally, after having determined that Colorado is the state with the most significant interest in this action, we see no reason to revert mechanically to the forum state's statute of limitations. Indeed, since Ohio's interest in this litigation is so slight that it is unreasonable to apply the substantive law of Ohio, applying Ohio's statute of limitations rather than the statute of repose of the state whose substantive law governs, may be a violation of due process. *Home Insurance Co. v. Dick*, 281 U.S. 397, 407–10, 50 S.Ct. 338, 341–42, 74 L.Ed. 926 (1930). We see no reason to permit the plaintiff to litigate a suit barred in the jurisdiction most concerned with its outcome.

Accordingly, we find that for the purposes of this litigation, *Col.Rev.St.* § 13–80–127.6(1)(b), a ten-year statute of repose barring actions brought more than ten years after the original delivery of the allegedly defective product, is part of the substantive law of Colorado. The Allen-Bradley foot pedal was shipped to Richmond, Kentucky in August 1969 by the Federal Press Company from Elkhart, Indiana (exhs. A and B, doc. 2), and the press was first used for its intended purpose shortly thereafter. Plaintiff's injury occurred twelve years later, in August 1981. We inescapably conclude that plaintiff's action is barred under Colorado law.

We find that under the substantive law of Colorado this action must be and hereby is dismissed as untimely brought. It is hereby ordered that judgment be entered for defendants.

SO ORDERED.