687 P.2d 937

**METAL MANUFACTURING, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**J.R. PORTER CONSTRUCTION, INC., an Arizona corporation; United Pacific Insurance Company, a foreign corporation, Defendants/Appellees.**

No. 2 CA–CIV 5068.

Court of Appeals of Arizona, Division 2.

May 30, 1984.

Review Denied Sept. 25, 1984.

Russo, Cox, Dickerson, Butler & Russo, P.C. by Karl MacOmber, Tucson, for plaintiff/appellant.

Ryley, Carlock & Applewhite by James M. Marlar and Richard E. Oney, Phoenix, for defendants/appellees.

## OPINION

BIRDSALL, Chief Judge.

The trial court decided this case on stipulated facts entering judgment in favor of the defendant-appellee United Pacific Insurance Company. The action was brought by the plaintiff-appellant to recover on the contractor's bond written by the appellee for J.R. Porter Construction, Inc. Although nominally an appellee, this appeal does not involve the construction company. The trial court's ruling was based on a statute of limitations defense.

The stipulated facts *in haec verba* were:

1) That the Plaintiff, and the Defendant J.R. PORTER CONSTRUCTION, INC., ("Porter"), are Arizona corporations; that United Pacific Insurance Company ("United Pacific") is a foreign corporation doing insurance business in Arizona.

2) That Porter was the prime contractor for the construction of a Diamond's Department Store in Phoenix, Arizona, in May of 1981, and that said construction involved commercial and not residential property.

3) That Porter subcontracted part of said construction to Atlas Air Conditioning ("Atlas").

4) That in May of 1981, Plaintiff provided materials to Atlas which were incorporated into the aforesaid Diamond's Department Store.

5) That the reasonable value of the materials provided by the Plaintiff for which it remains unpaid is $6,499.91.

6) That pursuant to the Arizona Contractor's Licensing Statutes, Porter obtained from United Pacific its general contractor's license bond No. U–08–99–03, in the principal sum of $15,000.00, which surety bond was in full force and effect in May 1981; a true copy of said bond is attached hereto as Exhibit "A" and incorporated herein by reference.

7) That the aforesaid materials provided by the Plaintiff to Atlas fell within the scope of activities of Porter's contractor's license.

8) That Atlas has filed a Petition for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona, No. B–81–288–PHX–HC; that said Bankruptcy case has been converted to a case under Chapter 7 of the Bankruptcy Code.

9) That the above-captioned action was filed against the aforesaid bond on or about March 10, 1983.

The cause of action clearly accrued in May 1981. The complaint was filed more than one year but less than two years thereafter. The appellant contends that an amendment of A.R.S. § 32–1152 passed by the legislature in 1981 and effective July 1 of that year created a two-year statute of limitations for a suit on this contractor's bond. Prior to that legislation former A.R.S. § 32–1152 provided that no suit could be commenced on a contractor's bond after the expiration of one year following the commission of the act or delivery of goods or rendering of services.

The 1981 legislation extensively amended the contractor's bonding and licensing statutes. The legislature explained its purpose in Laws 1981, Ch. 221, Section 1:

**Section 1. Purpose**

'The legislature finds that regulation of the commercial and industrial construction business, including public works, by the registrar of contractors agency is not necessary for the protection of the public health, safety and welfare, and that it is in the public interest to deregulate such business. It is the purpose and intent of the legislature to continue the registrar of contractors agency in order to protect the public health, safety and welfare by providing for the continued licensing, bonding and regulation of contractors engaged in residential construction. It is the further purpose of the legislature to provide improved protection for owners and lessees of property who contract for the construction or alteration of residential structures by establishing the contractors' recovery fund and the contractors' recovery fund board.'

In amended A.R.S. § 32–1101, contractor is defined as "residential builder" for the purposes of the chapter and only contractors as so defined are licensed and regulated by the chapter.

The bond furnished by the appellee was written under former A.R.S. § 32–1152(D) which provided a one-year limitation for suits on the bond. The bond also contained a provision that no suit could be commenced after one year from the commission of the act. In the amended statute, subsection D became subsection E and provided a two-year period for commencement of suit. However, the bond required under the statute as amended is clearly only for construction involving a residential structure. In addition to the purpose stated by the legislature and the definitions section, A.R.S. § 32–1152(E) itself says, in part:

E. The bonds or deposit required by subsection B of this section shall be for the benefit of and shall be subject to claims by the registrar of contractors for failure to pay any sum required pursuant to this chapter or by any person who, after entering into a construction contract *involving a residential structure* with the principal, is damaged by the failure of the principal to perform the contract or by any person furnishing labor, materials or construction equipment on a rental basis used in the direct performance of a construction contract *involving a residential structure*. The bond or deposit required by subsection C, paragraph 1 of this section is for the

**414**

benefit of and is subject to claims *only by persons injured as described in § 32–1131....* No suit may be commenced on the bond or for satisfaction from the cash deposit after the expiration of two years following the commission of the act or delivery of goods or rendering of services on which the suit is based, except that time for purposes of claims for fraud shall be measured as provided in § 12–543.... (emphasis added)

A.R.S. § 32–1131(5) to which reference is made, defines a "person injured" as:

5. 'Person injured' means any owner of real property or his successor in interest or lessee who contracts directly with a licensed contractor or indirectly with a licensed subcontractor of such contractor for the construction of or improvements or alterations to a residential structure and appurtenances thereto.

■ In view of the clear intent of the legislature, it is apparent that the effect of the 1981 legislation was to repeal former A.R.S. § 32–1152(D) insofar as it pertained to commercial construction. The two year statute is clearly unavailable to the appellant under any theory since it never included commercial construction.

However, the appellant argues that where a statute of limitations is repealed before the right of action is barred, the right to interpose the statute as a defense to the existing cause is abrogated. *See* 51 Am.Jur.2d *Limitation of Actions,* § 43 (1970). *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885).

However, in the instant case the bond itself provides that no suit may be commenced after one year and we do not believe the "repeal" of the statute can abrogate this contract provision. Sec. 40 of 51 Am.Jur.2d, *supra,* states: "As another qualification of the power of a legislature to extend a limitation period and make the extension apply to existing causes of action, a statute of limitations cannot enlarge the time for the commencement of an action when the time limitation therefor is fixed by contract," citing *Lane v. Department of Labor & Industries,* 21 Wash.2d 420, 151 P.2d 440 (1944). *Lane,* although without citation of authority, says, "The courts seem to be in substantial accord that a statute of limitations cannot enlarge the time for the commencement of an action when the time limitation therefor is fixed by contract; ..." 151 P.2d at 443. Am. Jur.2d § 40 further states: "Thus, such a statute will not be applied if to do so will violate a pre-existing valid contract of the parties." *See Home Insurance Company v. Dick,* 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701 (1930).

■ The contract herein provided that no suit could be commenced after one year from the act. This contractual provision is controlling despite the repeal of the statute. Any other holding would violate the contract between the parties.

The appellee having requested attorney fees on appeal pursuant to A.R.S. § 12–341.01 and Arizona Rules of Civil Appellate Procedure, 21(c), such fees are allowed and may be included in appellant's statement of costs, Rule 21(a).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.